## CITY OF WILBURTON v· KING, Atty. Gen.

No. 24071. Opinion Filed Feb. 7, 1933.

Claud Briggs, for petitioner.

J. Berry King, Atty. Gen., and George J. Fagin, Asst. Atty. Gen., for respondent.

OSBORN, J. This is an original action in this court wherein the city of Wilburton has applied for a writ of mandamus to be directed to J. Berry King, Attorney General, and ex-officio Bond Commissioner of the state of Oklahoma, to require the approval of an issue of funding bonds in the amount of $16,555.

Upon the filing of the petition an alternative writ was issued by this court, and the Attorney General has duly filed answer.

Plaintiff alleges that one T. G. Green, as city treasurer of the city of Wilburton, had purchased as investments of the sinking fund of said city some city general warrants; that when said warrants became due, it was apparent that they could not

be paid, and the city treasurer filed suit against the city and obtained a judgment for the amount of the unpaid warrants; that thereafter the city executed funding bonds to the amount of the judgment and filed application in the district court of Latimer county for determination of indebtedness and the approval of the funding bonds; that on June 8, 1932, the district court heard the application and approved the issuance of the funding bonds; that they were then presented to the Attorney General, who refused to approve them. Plaintiff contends that it has no other adequate remedy and asks that this court issue a writ of mandamus compelling the Attorney General to approve said funding bonds.

It will be noted that there is no contention that the city treasurer exceeded his authority in making such investments, nor is there any controversy as to the ownership of the funds by the city. It will be assumed that the warrants were issued within the estimate and were valid outstanding obligations of the city.

The Attorney General contends that the city treasurer could not sue the city for the reason that since he was custodian of the city funds, the city was the real party in interest, and that, in effect, the suit was one in which the city was suing itself, and therefore the judgment refunded is void.

Section 5914, O. S. 1931, provides for the investment of the sinking fund by the treasurer.

Section 5917, O. S. 1931, provides a penalty for failure to invest said funds, in the following language:

"Any county treasurer, treasurer of any city of the first class, town, board of education or township board, who fails or refuses to invest the sinking fund money, as herein provided, when same can be legally done, shall be liable to the city, town, board or district, on his official bond in double the amount of the interest lost by the failure to so invest said money."

Section 5388, O. S. 1931, requires the treasurer to remit to the agency, at least 15 days before the maturity of any such bonds or coupons, a sufficient sum of money for the redemption of such bonds or coupons, including a commission of not more than one-fourth of one per cent.

Section 5392, O. S. 1931, provides a penalty for failure to remit said funds as follows:

"In case any state, county, township or city treasurer shall neglect or refuse to perform the duties imposed by this article, he shall be liable to the holder of any bonds or coupons aggrieved thereby, in a sum double the amount of such bonds or coupons which shall be dishonored by the neglect or refusal of such officer to comply with the provisions of this article, which may be recovered in a suit at law against such treasurer.".

These sections of the statutes are not cited for the purpose of launching into a discussion of the liability of a city treasurer upon his official bond in the instant case, but merely to show that the Legislature has definitely impressed upon those having custody of public funds the solemnity of their duties and obligations, and to require the greatest degree of care and caution in the handling of the same, to the end that the funds shall be properly protected and that the obligations of the municipalities shall be promptly met.

It will be observed that, not only is it the duty of the city treasurer to invest the sinking fund, but he is also charged with the responsibility of applying the same in liquidation of the maturing payments of bonds and interest coupons. In the filing of a suit to convert the warrants held by him into cash, he was merely seeking to carry out an obligation imposed upon him by law. Such benefits as might inure from his action would be, not to the city, but in the furtherance of the duties cast upon him by the provisions of law.

It is manifest that if the treasurer does not have in his hands actual money, instead of securities, belonging to the sinking fund, to pay said coupons and bonds upon maturity, such obligations of the city would be defaulted. The warrants which he, in his discretion, and with the approval of the board, had purchased, were valid obligations against the city, but were payable out of the revenues levied for the particular year of their issuance.

By reason of inadequacy of revenues, payment on said warrants had become delinquent and such delinquency might continue indefinitely and until such time as sufficient taxes for the particular year had been paid into the treasury to retire the same. It is possible that the funds would never be available with which to retire said warrants.

But the law enjoined upon the treasurer the duty of paying the bonds and coupons as they matured. He could not sell said warrants for the obvious reason that there was no purchaser; he could not sell same for less than their par value and the accrued interest thereon.

It would be manifestly unfair to permit the lethargy and indifference of the governing board of the city to the financial obligations of the municipality subject him

and his bondsmen to a penalty provided by law.

Since the city treasurer was, in effect, a real party in interest in his suit against the city by reason of the obligations and duties imposed upon him by statute, this was not a suit by the city against itself.

The Attorney General further contends that the city treasurer has no authority to sue the city. We recognize the fact that there is no statute expressly granting the city treasurer the right to sue; however, all officers are given such implied powers as are necessary to carry into effect the duties and obligations imposed upon them by law.

In the case of State ex rel. Weber v. Younkin, 108 Kan. 634, 196 P. 620, the court announced the following rule:

"When, by statute, official powers and duties are conferred or imposed upon a public official or official board, the only implied powers possessed by such officer or board are those which are necessary for the effective exercise and discharge of the powers and duties expressly conferred and imposed."

In the case of Uhr v. Brown (Tex. Civ. App.) 191 S. W. 379, the rule is announced as follows:

"A public officer, in the absence of a prohibition, has the implied authority to institute suits necessary to the proper and faithful performance of his duties."

In Mayor v. Sands, 105 N. Y. 210, 218, 11 N. E. 820, it is said:

"It is a well-established principle that statutes containing grants of power shall be construed so as to include the authority to do all things necessary to make the object of the grant, effectual and to enable the donee of the power to accomplish the express purpose of the act."

In Throop on Public Officers, par. 542, the rule is stated:

"The rule respecting such powers is that, in addition to the powers expressly given by statute to an officer or a board of officers, he or it has, by implication, such additional powers as are necessary for the due and efficient exercise of the powers expressly granted, or as may be fairly implied from the statute granting the express powers."

The following is announced in the case of Carter v. Blaine County Investment Co., 45 F. (2d) 643:

"A public officer, unless prohibited by statute, has implied authority to bring suits necessary in discharge of official duties."

See, also, 46 C. J. 1046.

We believe the above rules are applicable to this case. In consideration of the solemn duties of a custodian of public funds and of the penalties imposed upon him for failure to perform his duties and obligations with respect to said funds, he should have such authority as is necessary to enable him effectively to discharge the duties and obligations imposed upon him.

Our attention has been called to the case of Dillard v. Sappington, 151 Okla. 147, 1 P. (2d) 748, but in this case the only question decided by the court was as to the authority of the county treasurer to contract with an attorney for attorney's fees and to bind the public funds for payment of said fees. In the instant case the question of attorney's fees has been settled by agreement between the parties. The Attorney General has cited a number of cases dealing with the authority of the treasurer to sell or exchange securities purchased with the sinking fund moneys. However, the question here is not with reference to the exchange or sale of securities, but the right to maintain an action to force collection of such securities.

Both parties refer to the case of Sappington v. Board of Commissioners of Jefferson County, 134 Okla. 253, 273 P. 274. In that case a suit was brought by the county treasurer as a custodian of the sinking funds of the common school districts of his county against the board of county commissioners as ex-officio officers of a certain township for collection of township warrants. The principle involved was the statute of limitations, and the question of the authority of the county treasurer was neither challenged nor discussed. While it could not be relied upon as an authority in point, it might be considered as persuasive in the instant case in support of the city treasurer's authority.

By agreement between the parties, certain bonds for attorney's fees have been eliminated.

The plaintiff is entitled to writ of mandamus directed to the Attorney General, directing his approval of said bond issue subject to the agreement heretofore entered into between the plaintiff and the Attorney General as to those bonds representing attorney's fees.

Writ granted.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, BAYLESS, BUSBY, and WELCH, JJ., concur. McNEILL, J., absent.