County Officers — Radio — Television — Purchases The validity of claims drawn against county funds for the purchase of television and radio sets for use in the offices of county officers is a question of fact. If such an item is in fact necessary for the proper operation or functioning of a county officer's office, it may be lawfully purchased by him. The Attorney General has had under consideration your recent letter wherein you ask: "Are claims drawn against county funds for purchase of television and radio sets for use in the offices of the county officers, including the county superintendents, valid claims?" Title 68 O.S. 289 [68-289](G) (1961), provides in pertinent part: "The term `Capital Outlay' is defined to comprehend all items and articles (either new or replacements) not consumed with use but only diminished in value with prolonged use, such as new, or replacements of, machinery, equipment, furniture and fixtures, . . . ." Section 68 O.S. 289 [68-289](G), supra, further provides that each of the items of appropriation therein ". . . Defined and enumerated shall represent, in the broadest permissible sense, a specific purpose, and each such item of appropriation shall be the estimate made and approved for such purpose, subject to encumbrance and expenditure therefore, under restrictions otherwise provided by law." We find no provision in the Constitution or in the statutes of this state which expressly authorizes the expenditure of funds appropriated to the various county offices for the purchasing of radio and television sets except for two-way radio systems used by law enforcement officials. However, in addition to the powers expressly conferred on county officers by law, they have by implication such powers as are necessary for them to carry out those expressly granted. Restating the language found in City of Wilburton v. King, 162 Okl. 32, 18 P.2d 1075, the State Supreme Court in the case of Oklahoma Tax Commission v. Fortinberry Co., 201 Okl. 537, 207 P.2d 301, held in the second paragraph of the syllabus: "In addition to the powers expressly given by statute to an officer or board, he or it has, by implication, such additional powers as are necessary for the due and efficient exercise of the powers expressly granted, or such as may be fairly implied from the statute granting the express powers." As an example, if it is factually determined that the County Superintendent of Schools needs a television or radio to carry out the duties and responsibilities conferred upon him by 70 O.S. 34 [70-34] (1961), or by regulations prescribed by the State Board of Education, then the purchase of a television or radio set would be permissible. Since there is no express statutory authority for the purchasing of such equipment, it would be encumbent upon the county official seeking such authority to justify a claim with the governing board of the county that such equipment is necessary for the due and efficient exercise of the powers expressly granted to him. It is, therefore, the opinion of the Attorney General that your question should be answered in the following manner: The purchasing of a television or radio set for use by a county officer in his office would come within the definition of "Capital Outlay" as set out in 68 O.S. 289 [68-289](G) (1961). The validity of claims drawn against county funds for the purchase of such items is a question of fact. If a radio or television set is in fact necessary for the proper operation or functioning of a county officer's office, it may be lawfully purchased by him from an item of appropriation made to his office. (W. J. Monroe)