NOTARIES PUBLIC — AUTHORITY TO APPOINT
Under Sections 1 and 2 of Title 49 O.S. 1 [49-1], 49 O.S. 2 [49-2] (1971), responsibility for initially appointing notaries public is vested with the Secretary of State, and responsibility for ruling on the sufficiency of their bonds rests with the court clerks. The authority to certify that a given individual has been duly commissioned as a notary public has been assigned by statute exclusively to the court clerks. However, the office of the Secretary of State has the authority to furnish certified copies of documents on file in its office and this includes the bond and oath of notaries public. The Attorney General's office has received your request for an opinion wherein you raise the following questions: 1. Does the office of the Secretary of State have the authority to rule upon the sufficiency of bonds of notaries public or does this responsibility lie solely with the court clerks? 2. Does the office of the Secretary of State have the authority to certify from the records of that office that a person is commissioned as a notary public, or should this function be performed by the court clerk? The statutory scheme for the appointment and qualification of notaries public is contained in 49 O.S. 1 [49-1] and 49 O.S. 2 [49-2] (1971). The first of these sections deals with the initial appointment of notaries; while the second deals with requirements for assuming and holding this office. Under 49 O.S. 1 [49-1] (1971), the function of appointing notaries public is specifically assigned to the offices of the Secretary of State; Section 2 deals with the oath, signature, bond and seal and states in part: "Before entering upon the duties of his office every notary public so appointed and commissioned shall file in the office of the court clerk, . . . the commission issued to him, his oath of office, his official signature, an impression of his official seal, and a good and sufficient bond to the State of Oklahoma conditioned for the faithful performance of the duties of his office . . . The filing of such commission, bond, official signature and impression of official seal in the office of the court clerk shall be deemed sufficient evidence to enable such court clerk to certify that the person so commissioned is a notary public, duly commissioned and acting as such, during the time such commission is in force." It is fundamental that, if possible, two statutes dealing with the same general subject matter are to be construed in pari materia to give meaning and effect to both (see e.g. Dowell v. Board of Education, 185 Okl. 342, 91 P.2d 771 1939). Applying the above rule to the statutes in question, it was the apparent desire of the Legislature to vest with the Secretary of State responsibility for initially appointing notaries public. Thereafter it becomes the responsibility of the court clerks to insure that the statutory requirements for assuming and holding this office have been complied with. Your second question is whether the Secretary of State can properly certify from the records on file in your office that a given individual is duly qualified as a notary. It is a well known rule of construction that the enumeration in a statute of specified rights and powers is to be construed as an implied withholding of rights and powers not set forth therein. (See e.g. Taylor v. Michigan Public Works Commission, 217 Mich. 400, 186 N.W. 485, 487 1922). In the present instance the Legislature has specifically alluded to the power of court clerks to issue certificates of the type in question; no such power has been vested in the office of the Secretary of State. It is also basic that in addition to powers expressly conferred on him by law, a public official also has such powers as may fairly be implied from the powers conferred expressly. Oklahoma Tax Commission v. Fortinberry Co., Inc., 207 P.2d 301
(Okl. 1949); City of Wilburton v. King, 162 Okl. 32,18 P.2d 1075 (1933). With respect to the particular matter of certified copies, it has been held that the custodian of public records has by implication of his office the authority to certify copies of such records. (See e.g. Sinkora v. Wlach, 239 Iowa 1392, 35 N.W.2d 40 1948). Moreover, such power is generally said to reside in the office which has retained the original of the records. U.S. v. Ansani, 138 F. Supp. 454, affirmed 240 F.2d 216, cert. denied 77 S.Ct. 813, 353 U.S. 936, 1 L.Ed.2d 759. Title 49 O.S. 1971 2 [49-2] specifically provides that the documents evidencing the appointment and qualification of notaries, namely, the bond and oath, shall be filed with the office of the Secretary of State. Since it is within the power of the Secretary of State to issue certified copies of documents on file in his office such power exists with respect to bonds and oaths of office of notaries public. Accordingly, it is the opinion of the Attorney General that the issues raised by your questions are to be answered as follows: 1. While the Office of the Secretary of State has been vested with the authority to appoint notaries public, the responsibility for assuring that the requirements for assuming this office, including ruling upon the sufficiency of the bond, rests with the court clerks. 2. Court clerks and not the office of the Secretary of State have been specifically assigned responsibility for issuing certificates as to whether given individuals have been duly qualified as notaries public. However, since the statutes require that the notary's bond and oath shall be filed with the office of the Secretary of State, your office may issue certified copies of these documents, notwithstanding that, consistent with the above discussion, it should refrain from certifying as to whether a given individual has been duly authorized and qualified to serve as a notary. (Frank Gregory)