BOARD OF EDUCATION — INSURANCE — PAYMENT OF "THE DEDUCTIBLE" An initial specified loss exempted from the coverage by an insurance contract (viz., the "deductible") provided pursuant to 70 O.S. 5-136 [70-5-136] (1975), may be paid by a board of education at school district expense. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Pursuant to 70 O.S. 5-136 [70-5-136] (1975) authorizing boards of education of school districts to provide liability insurance to indemnify specified officers and employees, may a "deductible" of an insurance contract be paid by the school district? Section 70 O.S. 5-136 [70-5-136] of Title 70 of the Oklahoma Statutes, Supplement 1975, provides as follows: "Boards of education of school districts are hereby authorized to provide, at school district expense, not to exceed Three Hundred Thousand Dollars ($300,000.00), liability insurance to indemnify the members of the board of education, superintendents, principals, teachers and other employees from civil liability, but in no event shall such insurance provide any protection for any of the aforesaid from prosecution on a criminal charge except vehicle-related felonies." Generally, the liability of an insurer and the extent of the loss under a policy of liability or indemnity insurance is determined, measured, and limited by the terms of the contract. 44 Am.Jur.2d Insurance 1683, page 593 (1969). An insurer may validly require the insured to bear the loss up to a specified amount, before any obligation of the insurer arises. 8 Appleman, Insurance Law and Practice, 4891, page 323 (1962). Such a provision is commonly referred to as a "deductible clause." Couch on Insurance, Vol. 15, 2nd Ed., 54:100, page 378 (1966). Webster's Third New International Dictionary, G. C. Merriam Company, Springfield, Massachusetts (1963), at page 589, defines "deductible" as follows: "1: a clause in an insurance policy relieving the insurer of responsibility for an initial specified small loss of the kind insured against. . . ." Title 70 O.S. 5-117 [70-5-117] (1975), sets out the powers and duties of the board of education of each school district, one of which is: ". . . to incur all expenses, within the limitations provided by law, necessary to carry out and fulfill all powers herein grant Syllabus 2 by the Court in City of Wilburton v. King,162 Okl. 32, 18 P.2d 1075 (1933) states: "In addition to the powers expressly given by statute to an officer or a board of officers, he or it has, by implication, such additional powers as are necessary for the due and efficient exercise of the powers expressly granted, or as may be fairly implied from the statute granting the express powers." The power expressly given boards of education by 70 O.S. 5-136 [70-5-136] (1975) is the indemnification, at school district expense, of said employees from civil liability. No provision is made by said section regarding the specific terms of such insurance except the express limit of $300,000.00. Whether an insurance contract will have a deductible clause, and the amount of any "deductible," becomes an economic consideration in the management of school district affairs. Thus, the exercise of the express power to provide insurance for such indemnification, necessarily implies that the power exists to provide insurance to totally indemnify said officers and employees. Accordingly, insurance coverage without a deductible clause may be provided, or, more practically, coverage with a deductible may be provided with the school district indemnifying an employee directly from school district funds for the amount of such deductible in the event of an insured loss. Title 70 O.S. 1-103 [70-1-103] (1971) provides that if any section of the Oklahoma School Code is found to be ambiguous, such section should be liberally construed to the extent that the general purpose of the entire code and of public education may be advanced. The apparent intent of the Legislature in enacting 70 O.S. 5-136 [70-5-136] (1975) was to provide for said school district officers and employees protection from financial loss through their employment. Such protection is expressly granted by said statute, and to advance the purpose thereof, it may be properly implied that such officers and employees may be indemnified for all financial losses resulting through their employment by and at the expense of the school district up to an amount not exceeding the statutory limit of $300,000.00. Accordingly, an amount "deductible" from an insured loss may be paid by a board of education at school district expense. It is, therefore, the opinion of the Attorney General that an initial specified loss exempted from the coverage by an insurance contract (viz., the "deductible") provided pursuant to 70 O.S. 5-136 [70-5-136] (1975), may be paid by a board of education at school district expense. (Harold B. McMillan Jr.) ** SEE: OPINION NO. 77-151 (1977) **