Dear Representatives, Davis
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
Does the Executive Branch Reform Act of 1986, codified at 74O.S. 10.1 (1987) et seq, empower cabinet secretaries toexercise administrative authority or any other type of authority,over constitutional or statutory agencies, boards, orcommissions?
¶ 1 Your question requires an exploration of the nature and scope of administrative power granted cabinet secretaries by the Legislature when it enacted the Executive Branch Reform Act (Reform Act) of 1986 (codified at 74 O.S. 10.1 (1987) et seq.). Although your opinion request expressed particular interest in one agency[1] because the analysis and answer are equally applicable to all cabinet secretary positions, a generic answer is provided.
¶ 2 The statute which is the focal point of your inquiry is 74O.S. 10.3(B), which reads as follows:
 The Governor shall appoint, with the advice and consent of the Senate, a Secretary to head each cabinet area. A cabinet Secretary may be appointed as a position funded by the Office of the Governor from funds available to that office, or appointed as a cabinet Secretary from among the agency heads within the cabinet area. The cabinet Secretaries shall:
 1. Advise the Governor of any policy changes or problems within the area they represent;
 2. Advise the entities represented of any policy changes or problems as directed by the Governor; and
 3. Coordinate information gathering for the Legislature as re quested.
¶ 3 A plain reading of this statute indicates that the primary function of the cabinet secretaries is to serve in an advisory capacity to the Governor, and to the governmental entities within the cabinet areas they serve, and to coordinate information gathering for the Legislature.
¶ 4 Our inquiry necessarily begins with the rule of statutory construction which states that in the absence of specified definitions terms are to have the same meaning as that attributed to them in ordinary and usual parlance. Loffland BrothersEquipment v. White, 689 P.2d 311 (Okla. 1984). The most common meanings for the verb "advise" are: to recommend, caution, warn, inform, and/or consult. Websters Third New InternationalDictionary, 1981, p. 32.
¶ 5 "Authority," on the other hand, connotes "control" and "power." See, Black's Law Dictionary, 4th ed., 1975, citingRucks-Brandt Construction Co. v. Price, 23 P.2d 690, 692 (Okla. 1933), for the proposition that authority is created by the lawful delegation of power by one person to another. The terms "advise" and "authority" are so antithetical by their very nature that extended discussion of the differences is hardly warranted. Suffice it to say that the purely advisory role for cabinet secretaries contemplated by the Legislature creates no independent substantive role in the actual management of the agencies placed in a particular cabinet area.
¶ 6 However, in addition to the "powers" expressly given by statute to an officer, the cabinet secretaries have, by implication, those additional powers "as are necessary for the exercise of the powers expressly granted, or as may be fairly implied [sic] from the statute granting the express powers."See, Oklahoma Tax Commission v. Fortinberry Co.,
207 P.2d 301,304 (Okla. 1949), quoting from City of Wilburton v. King,18 P.2d 1075 (Okla. 1933). In the Fortinberry case, for example, the Oklahoma Supreme Court found that a statute requiring the Oklahoma Tax Commission (OTC) to "issue [license] plates and pay therefor" without the intervention of any other State agency implied that the OTC could contract, and pay for, the plates without utilizing the extant State Board of Affairs procedures. Id. at 304-305.
¶ 7 It would be unnecessarily discursive to attempt to canvass the range of implied powers created in the cabinet secretaries by74 O.S. 10.3(B). Merely to illustrate, however, the Legislature, in requiring cabinet secretaries to "[c]oordinate information gathering for the Legislature as requested," obviously intended that the cabinet secretaries be empowered to requisition from constituent agencies, the information requested; otherwise, the Legislative command to coordinate information gathering when requested would be ineffectual. Undoubtedly the cabinet secretaries have those other, similar, implied powers as are necessary to carry out the tasks mandated by 74 O.S.10.3(B).
¶ 8 It is, therefore, the official opinion of the AttorneyGeneral that the Executive Branch Reform Act of 1986, 74 O.S.10.1 (1987) et seq., does not create independent administrativeor other authority in cabinet secretaries except such impliedpowers as are necessary to effectuate their advisory andinformation coordinating functions.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
NED BASTOW ASSISTANT ATTORNEY GENERAL CHIEF, GENERAL COUNSEL DIVISION
[1] Your question inquired specifically about the relationship between Cabinet Secretary for the Department of Social Services and the Human Services Commission and Department of Human Services (DHS). Because the generic answer applies to this relationship, a separate discussion of constitutional provisions and statutes governing DHS is not included.