Dear Representatives Heaton
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following questions:
1. May a school district invest funds held by the district? Ifso, what investment instruments may the district utilize?
2. May a school district buy and/or sell legally permissibleinvestment instruments through a licensed broker-dealer? If so,may the district pay a fee for such services?
3. May a school district allow investment instruments,registered in the district's name, to be held for safekeeping bya licensed broker-dealer? If so, what is the effect of anyinsurance provided through the Securities Investor ProtectionCorporation?
4. May a school district invest in a money market mutual fundwhich deals totally in instruments that would otherwise bepermissible vehicles for direct investment by a district?
 INTRODUCTION
¶ 1 Your inquiry touches upon several broad and diverse areas of law including public finance, the authority of school district officials and the nature of certain securities.
 I.
¶ 2 The law provides that each school district shall have a treasurer; the county treasurer of the county where a district is located serves as treasurer for the district, except where a district has appointed a local treasurer. 70 O.S. 5-114 (1989). The treasurer acts as "custodian" for the district's funds.Sappington v. Board of Commissioners of Jefferson County,
273 P. 274,280 (Okla. 1928). Specific duties of the treasurer include preparation of written financial reports and maintenance of cash ledgers for the funds under the custody of the treasurer. 70O.S. 5-115 (1989).
¶ 3 In addition, 62 O.S. 348.1 (1989) confers upon a district treasurer the power to invest funds held in his custody when authorized to do so by the governing body of the district, i.e., the local school board. This general grant of authority is mirrored by the specific provisions of 70 O.S. 5-115 (1989).70 O.S. 5-115 directs school districts to set aside funds into separate operating and investment accounts, and affirmatively requires the treasurer of the district to invest the full amount of the investment fund. Thus, a district treasurer not only may, but must, invest the district's surplus funds. Incident to this duty, the treasurer is required to maintain a ledger recording each investment transaction made. 70 O.S. 5-115 (1989).
¶ 4 The types of instruments in which the treasurer is to invest the money held in the district's investment fund are those which are specifically enumerated in 62 O.S. 348.1 (1989) and70 O.S. 5-115 (1989).
¶ 5 Also, under 70 O.S. 5-129 (1989), the "custodian" of a district's "activity fund" is authorized to invest the monies held in that fund. The approved investments for the activity fund are substantially similar to those set forth in 70 O.S. 5-115.See, 70 O.S. 5-129(F) (1989).
 II.
¶ 6 Given that a district must invest certain funds, may a district execute the purchase/sale of permitted investment, through a registered broker-dealer?[1]
¶ 7 Although there is no specific statutory authority relating to the use of broker-dealers by a school district, it is well settled that public officers have such implied powers as are necessary for the efficient exercise of express powers. See,Oklahoma Tax Commission v. Fortinberry Co., 207 P.2d 301 (Okla. 1949); City of Wilberton v. King, 18 P.2d 1075 (Okla. 1933). Consequently, in view of the district treasurer's duty to invest funds held in a district's investment account, it is appropriate to imply the authority to utilize intermediaries reasonably necessary for the execution of the investment transactions.
¶ 8 We recognize that today it is far more efficient to execute securities trades through a licensed broker than to require a district treasurer to execute these trades personally. Therefore, to the extent that a district treasurer elects to make investments requiring securities transactions, it is reasonable to utilize the services of a licensed broker to facilitate the desire trades. Accordingly, the treasurer of a district may execute buy and/or sell orders through a licensed broker.
¶ 9 The authority to employ the services of a licensed broker will, of course, include authorization to pay a reasonable commission or fee, as well as the ordinary transaction costs associated with the execution of the trades. As your question does not specifically raise the issue of whether a district is authorized to purchase investment advice (as opposed to assistance in executing transactions), this opinion will not address that question.
 III.
¶ 10 While substantial authority exists governing a treasurer's powers, duties and liabilities with regard to the deposit of money, our review of the pertinent law has uncovered no statutes or cases specifically addressing the question of whether a school district may permit a broker, or brokerage firm, to "hold" investment instruments owned by the district.
¶ 11 Traditionally, a "custodian" such as a district treasurer has been thought to exercise actual, physical control over the property entrusted to him. However, it is clear that in modern financial markets there are numerous instances where it will be impractical or even impossible for a district treasurer to take actual, physical possession of an investment instrument. For example, all United States Treasury Bills and most Treasury Notes are now issued as "book entry" securities. A "book entry" security consists of an entry in the records of a Federal Reserve bank indicating the name of the purchaser, the amount of the obligation, the series, and the date of maturity.31 C.F.R. 306.115, 306.116 (1989). Thus, the investment is represented by an electronic impulse in the computers of the Federal Reserve System rather than a tangible document. And while these Treasury securities are permissible investments for districts, they are plainly not susceptible to possession by the district treasurer. Likewise, in transactions in which a broker purchases securities for a buyer, instruments which have already been "transferred" to the buyer commonly remain in the possession of the broker or brokerage firm. See, 12A O.S. 8-313 (1989).
¶ 12 In view of the modern business practices described above, we consider it reasonable to imply the authority to allow a district treasurer to permit a Federal Reserve bank or a registered broker or brokerage firm to hold investment instruments owned by the district, so long as the treasurer retains sufficient control over the instruments, or evidence thereof (e.g., confirmation of trade notices), to deliver them to his successor pursuant to 70 O.S. 5-115.2 (1989).[2]
¶ 13 Our analysis is not affected by the fact that a broker or brokerage firm who is holding a district's investment instruments may, or may not, be insured by the Securities Investor Protection Corporation ("SIPC"). See, 15 U.S.C.A.A. 78ccc et seq. The presence of SIPC insurance is simply a factor affecting the decision of a district treasurer as to whether and where to permit the safekeeping of district investments. In this sense, the presence of SIPC coverage bears on the risk, and not the liability, assumed by a district treasurer.
 IV.
¶ 14 Your final question concerns the authority of a district to invest in a money market mutual fund. The answer to this question requires an examination of the nature of such funds.
¶ 15 A money market mutual fund is a mutual fund that invests in short-term debt instruments such as governments securities, certificates of deposit, repurchase agreements, and commercial paper. J. Downes and J. Goodman, Dictionary of Finance and Investment Terms, p. 235 (1985). A mutual fund is an investment company. Investment Company Institute v. Camp, 401 U.S. 617,91 S. Ct. 1091, 28 L.Ed.2d 367 (1971). An investment company is a corporation which engages primarily in the business of investing in securities. Id. 401 U.S. at 625, n. 11; 15 U.S.C.A.A. 80a-3(a)(1). Thus, a money market mutual fund is simply a corporation which buys certain securities and investment instruments for its own account. Participation in a money market mutual fund is effected through the purchase of shares in the corporation. Shares of the fund represent an undivided and redeemable interest in the assets of the fund. See, Camp,supra, 401 U.S. at 625.
¶ 16 Referring to the list of permitted investments, set forth in 62 O.S. 348.1 (1989) and 70 O.S. 5-115 (1989), it is plain that shares of mutual funds are not included. The specific statement of permitted investments contained in these statutes serves to exclude the implication of authority to invest in any instruments other than those specifically enumerated. See,Holbert v. Echeverria, 744 P.2d 960, 965 (Okla. 1987). Therefore, a district treasurer is not authorized to invest district monies in a money market mutual fund.
¶ 17 It is immaterial that a certain fund invests solely in instruments which would be permissible investments for a district because this fact does not change the underlying character of participation in a mutual fund. A district that invested in a mutual fund would not own the approved investments; rather it would own shares of a corporation whose assets consisted of approved investments. To conclude that this indirect holding of assets satisfied the strictures of 62 O.S. 348.1 and 70 O.S.5-115 would contravene the entrenched doctrine of corporate distinctness. See, Nulme v. Springfield Life Insurance Company,565 P.2d 666 (Okla. 1977); State ex rel. Oklahoma EmploymentSecurity Commission v. Tulsa Flower Exchange, 135 P.2d 46 (Okla. 1943); Buckner v. Dillard, 89 P.2d 326 (Okla. 1939).
¶ 18 It is, therefore, the official opinion of the AttorneyGeneral that:
1. The treasurer of a school district not only may, but must,invest the funds held in the district's investment account. Thetypes of instruments in which a district may invest are thoseinvestments enumerated in 62 O.S. 348.1 (1989) and 70 O.S.5-115 (1989).
2. Pursuant to the express duty to invest imposed by 70 O.S.5-115 (1989), the treasurer of a school district has theimplied authority to execute orders to buy and/or sell investmentinstruments through a licensed broker. The district treasurer isfurther authorized to pay a reasonable commission or fee for thisservice.
3. The treasurer of a school district may permit a FederalReserve bank or a registered broker or brokerage firm to holdinvestments for the district. This conclusion is not affected bythe presence or absence of insurance coverage through theSecurities Investor Protection Corporation.
4. A school district may not invest district monies in a moneymarket mutual fund, even if the fund invests solely ininstruments permitted by 60 O.S. 348.1 (1989) and 70 O.S.5-115 (1989).
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
K.W. JOHNSTON ASSISTANT ATTORNEY GENERAL
[1] Several definitions of the term "broker" or "broker-dealer" exist. See, e.g., 12A O.S.Supp. 1989, § 8-303[12A-8-303] (U.C.C.); 71O.S.Supp. 1989, § 2[71-2](e) (Oklahoma Securities Act). In this opinion, the term "broker" or "broker-dealer" will refer to the definition appearing in the Oklahoma Securities Act.
[2] Incidental to this conclusion, we note the possibility that a district treasurer may bear an absolute responsibility for the investment instruments in his care. This prospect is raised by an older case, Sanders v. Board of Commissioners of DelawareCounty 15 P.2d 818 (Okla. 1932). There, the county treasurer kept bonds owned by the county in a strongbox located in the county courthouse. Subsequently, the safe was broken into and the bonds were stolen. Even though there was no showing of negligence or fraud, the court affirmed the verdict against the treasurer for the amount of the bonds and the accrued interest. Id. at 822. Thus, in at least one case, the county treasurer and his surety were held strictly liable for the 1088 of investment instruments. However, given the absence of subsequent authority, the continued validity of this case is uncertain.