Dear Director Duffy,
¶ 0 This office has received your request for an Attorney General Opinion regarding the following questions:
1. Does the Oklahoma Department of Wildlife Conservation havethe authority to appoint reserve Game Wardens under OklahomaStatutes, Title 29, Section 3-105?
 2. Is the Executive Order, dated August 20, 1976, whichgranted full police powers to Game Wardens, still in effect, andwould reserve Game Wardens have the same authority?
 I.
¶ 1 The Oklahoma Supreme Court, in Oklahoma Tax Commission v.Fortinberry Co., 207 P.2d 301, 304 (Okla. 1949), held that state officers possess such powers, in addition to the powers expressly granted them by statute, that are fairly implied from the powers granted:
 In addition to the powers expressly given by statute to an officer or a board of officers, he or it has, by implication, such additional powers as are necessary for the due and efficient exercise of the powers expressly granted, or as may be fairly implied from the statute granting the express powers.
(Quoting its first Syllabus in City of Wilburton v. King,18 P.2d 1075 (Okla. 1933)).
¶ 2 The Director of the Department of Wildlife Conservation is vested with many powers under the provisions of 29 O.S. 1991, § 3-105[29-3-105]. Those powers include the power:
 To appoint and employ such assistants, department heads, rangers, clerical help and other employees as the Commission may deem necessary, subject to the approval of the Commission.
¶ 3 Thus the statute grants the Director, with theCommission's acquiescence, wide latitude in the employees hired to carry out the functions of the Department. By fair implication, that broad discretion includes the ability to hire part-time as well as full-time employees to carry out the Department's functions. As you know, reserve law enforcement officers are generally understood to be law enforcement officers appointed to serve on a part-time basis, and perform law enforcement duties only while on authorized duty.[1] We thus conclude that the Director of the Wildlife Conservation Department may, under the provisions of Section 3-105(A)(2), appoint reserve Game Wardens, but only if the Commission deems the appointment of such part-time officers necessary.
 II.
¶ 4 Your second inquiry deals with the scope of powers that a reserve Game Warden would possess. The various police powers conferred upon Game Wardens are established at 29 O.S. 1991, §3-201[29-3-201](B), which provides:
 All persons appointed game wardens shall be and have the full powers of peace officers of the State of Oklahoma in the enforcement of the provisions of this Code. Game wardens shall have the authority to enforce all state laws on Department-owned or-managed lands. Game wardens shall also enforce all other laws of this state when authorized by the Governor of the State of Oklahoma. Moreover, game wardens specifically:
 1. Are vested with the power and authority of sheriffs in making arrests for wildlife conservation violations and nonconservation-related crimes in cooperation with other law enforcement officers and agencies as authorized by the Director and approved by the Governor of the State of Oklahoma;
 2. May take into possession any and all protected wildlife, or any part thereof, killed, taken, shipped or had in possession contrary to the law, such wildlife or parts thereof to be disposed of as may be determined by the Director or any court of competent jurisdiction;
 3. May make a complaint and cause proceedings to be commenced against any person for violation of any of the laws for the protection and propagation of wildlife, with the sanction of the prosecuting or district attorney of the county in which such proceedings are brought, and shall not be required to give security for costs;
 4. May be an authorized agent of the Commission or Department under Section 3-202 of this title in addition to his duties as a game warden; and
 5. May assist in enforcement of the state fire laws, upon request of the Department of Agriculture.
29 O.S. 1991, § 3-201[29-3-201](B) (emphasis added).
¶ 5 As can be seen, under the provisions of 29 O.S. 1991, §3-201[29-3-201](B), all persons "appointed game wardens" have the "full powers of peace officers of the State of Oklahoma in the enforcement of the provisions of this Code" — the Oklahoma Wildlife Conservation Code, 29 O.S. 1991, § 1-101[29-1-101], et seq.
¶ 6 Additionally, under the provisions of 29 O.S. 1991, §3-201[29-3-201](B), Game Wardens, under certain conditions, are also empowered to enforce all state law in two instances. First, Game Wardens are authorized "to enforce all state laws on Department-owned or -managed lands." Second, when authorized bythe Governor, Game Wardens "shall also enforce all other laws of this state. . . ." Id.
¶ 7 Acting under the authority vested in the Governor by Section 3-201 of Title 29, Governor David Boren, on August 20, 1976, granted:
 [F]ull Police Powers to Oklahoma Wildlife Conservation Rangers, subject to the conditions and limitations set forth infra:
 That each Ranger attend an annual law enforcement refresher course with the curriculum approved by the Law Enforcement Council;
 That the Rangers do not enforce traffic laws unless requested to do so by the Commissioner of Public Safety.
¶ 8 At the time of the issuance of this Executive Order, the Oklahoma Wildlife Conservation Code, at Section 2-134 of Title 29, (1974 Okla. Sess. Laws ch. 17, § 2-133), since repealed, defined "Ranger" as "a duly authorized employee of the Department whose primary duties are the enforcement of the wildlife conservation laws of Oklahoma." In 1991, that section of the Code was repealed. See, 1991 Okla. Sess. Laws ch. 182, § 68. Now the Code at 29 O.S. 1991, § 2-116.1[29-2-116.1] defines the term "Game Warden" to mean "a duly authorized employee of the Department whose primary duties are the enforcement of the wildlife conservation laws of Oklahoma." That section further provides that "whenever the word `ranger' appears in this title it shall have the same meaning as `game warden'."
¶ 9 Thus we see that Governor Boren's Executive Order, in addressing "rangers," addressed itself to employees of the Department whose primary duties are the enforcement of the Wildlife Conservation laws. Today, such individuals are no longer referred to as "rangers," but are rather called "game wardens."
¶ 10 The laws governing the Oklahoma Administrative Code, specifically 75 O.S.Supp. 1994, § 256[75-256](B)(3), govern the effectiveness of Governor Boren's August 20, 1976 Executive Order. Under that section, executive orders of previous gubernatorial administrations, as of January 14, 1991, terminated ninety (90) days following the inauguration of the next governor, unless otherwise terminated or continued during that time by an Executive Order:
 Effective January 14, 1991, Executive Orders of previous gubernatorial administrations shall terminate ninety (90) calendar days following the inauguration of the next Governor unless otherwise terminated or continued during that time by Executive Order. Copies of all Executive Orders shall be published and indexed in the Administrative Code. All Executive Orders placing agencies or employees under the State Merit System of Personnel Administration shall remain in effect unless otherwise modified by action of the Legislature.
¶ 11 In light of this provision, Governor David Walters issued Executive Order 91-7, which specified that certain enumerated Executive Orders of prior gubernatorial administrations were to remain in effect. Among the executive orders designated as remaining "in full force and effect" was "the unnumbered executive order issued by the Honorable David Boren on August 20, 1976, granting full peace officer status to the rangers of the Department of Wildlife Conservation pursuant to 29 Okla. Stat. section 3-101(B)." By operation of Executive Order 91-7, Governor Boren's prior Executive Order remains in full force and effect.
¶ 12 As neither Governor Boren's Executive Order nor that of Governor Walters indicates otherwise, the Executive Order would give full police power to all Oklahoma Wildlife Conservation Department Game Wardens, since the Executive Order makes no distinction between full or part-time Game Wardens. Thus, the Executive Order still exists as a basis of authorization for all Game Wardens of the Department to have full police power. It should be noted, however, that under the provisions of 75O.S.Supp. 1994, § 256[75-256](B)(3), the Executive Order will cease to be effective ninety (90) days after Governor Keating's inauguration, unless he, in a similar Executive Order, designates that Governor Boren's Executive Order is to remain in full force and effect, or unless he himself issues an Executive Order to similar effect.
¶ 13 That is not to say, however, that the Department, acting through the Commission and the Director, would be required to vest any reserve Game Wardens with such power. A comparison of (1) 11 O.S. 1991, § 34-101[11-34-101], authorizing the appointment of reserve municipal police officers, and (2) 19 O.S.Supp. 1994, §547[19-547], which authorizes the appointment of reserve deputy sheriffs, demonstrates that there is no single definition of a reserve law enforcement officer. The appointing authority may, within the authorization provided, limit the jurisdictional power of reserve officers. For example, under the existing statutes, should the Commission decide that reserve officers are only necessary to enforce the Wildlife Conservation Code on Department-owned land, appointments limiting the reserve officers' powers in such a manner could be used.
¶ 14 Of course, whether the appointment of any reserve officers is a necessary or wise decision, is one which the Commission and Director must make, considering such things as compensation, if any, whether more than minimum training will be required, and the potential tort and other civil liabilities that may arise out of such appointees' actions or omissions.
¶ 15 It is therefore the official Opinion of the AttorneyGeneral that:
 1. Under the provisions of 29 O.S. 1991, § 3-105[29-3-105], the Director of the Wildlife Conservation Department is empowered to employ such assistants, department heads, game wardens, clerical help and other employees as the Wildlife Conservation Commission may deem necessary, and that, when deemed necessary by the Commission, such power includes the authority to appoint reserve Game Wardens;
 2. While Game Wardens, under the provisions of 29 O.S. 1991, § 3-201[29-3-201], have the full power of peace officers of the State of Oklahoma to otherwise enforce the provisions of the Oklahoma Wildlife Conservation Code, 29 O.S. 1991, §§ 1-101[29-1-101] et seq., and are empowered to enforce all State laws on Department-owned or -managed lands, Game Wardens are only empowered to otherwise enforce all laws of the State when authorized to do so by the Governor;
 3. The unnumbered Executive Order issued by Governor David Boren on August 20, 1976, which under the provisions of 29 O.S. 1991, § 3-201(B), granted "full Police Powers to Oklahoma Wildlife Conservation Rangers" (now Game Wardens), on the condition that "each Ranger attend an annual law enforcement refresher course" and that they "not enforce traffic laws unless requested to do so by the Commissioner of Public Safety," is, by virtue of Executive Order 91-7 issued by Governor David Walters, still in force and effect, and under the provisions of 75 O.S.Supp. 1994, § 256[75-256](B)(3), will terminate ninety (90) calendar days following the inauguration of Governor Keating, unless continued during that time by a subsequent Executive Order;
 4. Governor Boren's Executive Order of August 20, 1976, has the effect of authorizing all Rangers (now called Game Wardens) to enforce all laws of the State, and thus serves as a basis for authorizing reserve Game Wardens to so enforce the law;
 5. The Commission, in deciding whether the appointment of reserve Game Wardens is necessary and appropriate to the Department's function, must decide not only whether reserve Game Wardens should be appointed, but if so, what powers they should exercise, that is, whether they should only enforce provisions of the Oklahoma Wildlife Conservation Code, and/or enforce State law only on Department-owned or -managed property, or whether they should exercise full police powers of the State.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 NEAL LEADER SENIOR ASSISTANT ATTORNEY GENERAL
[1] See 11 O.S. 1991, § 34-101[11-34-101] which authorizes the appointment of reserve municipal police officers on a part-time basis, and 19 O.S.Supp. 1994, § 547[19-547] which authorizes the appointment of reserve force deputy sheriffs. Reserve deputy sheriffs must be accompanied by the sheriff or salaried deputy sheriff, unless the reserve deputy has completed the required 125 hour basic course offered by the Commission on Law Enforcement Education and Training.