LOFFLAND BROTHERS EQUIPMENT and National Union Fire Insurance, Petitioners,

v.

Curtis Wendell WHITE and the Oklahoma Workers' Compensation Court, Respondents.

No. 59581.

Supreme Court of Oklahoma.

Oct. 10, 1984.

---

Ben A. Goff, Gloyd L. McCoy, Oklahoma City, for petitioners.

David S. Shumake, Douglas R. Hilbert, Oklahoma City, for respondents.

ALMA WILSON, Justice.

Claimant White filed a belated claim for workmen's compensation benefits. Employer and its workers' compensation insur-

er pleaded the statute of limitations.[1] The trial court held the statute of limitations had been tolled by virtue of 85 O.S. 1981, § 8. An *en banc* panel of the Workers' Compensation Court affirmed and Employer appealed. We now review by certiorari an opinion of the Court of Appeals, Division No. 3, construing 85 O.S. 1981, § 8 of the Workers' Compensation Act.

Prior to the enactment of Section 8 (effective 7–1–78), an employer had no duty to inform an employee of his rights under the Act, and absent actual artifice to prevent knowledge of facts, an employer's failure to disclose an existing cause of action in favor of an employee did not prevent the running of the statute of limitations. *Oklahoma Cotton Coop Ass'n Compress v. Thomas*, 560 P.2d 562, 566 (Okl.1977). Our Legislature has now placed limited duties upon employers to inform employees of their rights and obligations under workers' compensation laws. Title 85 O.S. 1981, § 8 explicitly requires employers to inform workers of their right to pursue a workers' compensation claim. That statute, in pertinent part, provides:

> Every *employer* subject to the provisions of the Workers' Compensation Act *shall post* and maintain in one or more conspicuous places a *notice* to its employees covering the rights and obligations of employees under the Workers' Compensation Act. Such notice shall be prepared by the Administrator and shall be supplied to employers at no cost.
>
> A supply of forms as provided by the office of the Administrator shall be made available to employees by employers subject to the Workers' Compensation Act at no cost to either the employer or employee.

In the event an *employer having notice* of an injury *neglects to advise* the *injured employee of* the *right to file a claim* under the Workers' Compensation Act, the *statute of limitations* shall be *tolled* until such claim is filed. [Emphasis ours].

■ The Court of Appeals concluded that pursuant to Section 8, Employer's failure to *post* notice is dispositive of Claimant's right to file an otherwise untimely claim for workers' compensation benefits. We agree this conclusion is warranted in cases where an employer has not been notified of an injury. The statute does not require an employer to seek out injured employees. However, this is not the situation in the present case. Under the facts of the case now before us, we hold the posting requirement of paragraph one of the statute is not the dispositive issue.

The unrefuted facts presented at trial establish that Claimant sustained accidental injury to his lower back on May 16, 1979, while performing his duties as a derrick hand. That same day, Claimant reported the injury to his immediate supervisor; but Claimant was not advised of his right to file a claim, and notice as prescribed by paragraph one of Section 8 was not posted at the job site.

Claimant promptly obtained medical treatment. As a result of his on-the-job injury, Claimant was temporarily totally disabled from May 17, 1979 to May 23, 1979, during which time Employer provided Claimant temporary disability benefits. Claimant was not required to fill out an accident report or workers' compensation forms to receive these benefits.

1. 85 O.S. 1981, § 43 provides: "The right to claim compensation under the Workers' Compensation Act shall be forever barred *unless,* within one (1) year after the injury or death, a claim for compensation thereunder is filed with the Administrator. Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or enumeration paid in lieu of compensation or within one (1) year from last authorized medical treatment. Provided further, however, with respect to disease or disability caused by disease casually connected with employment the right to claim compensation under the Workers' Compensation Act shall be forever barred unless a claim is filed within eighteen (18) months after the last hazardous exposure or within eighteen (18) months after the disease first becomes manifest by a symptom or condition from which one learned in medicine could with reasonable accuracy diagnose this specific disease, which ever last occurs."

Thereafter, Claimant attempted to return to work; however, he was no longer physically able to perform the work of a full time derrick hand on account of the job related injury to his back. Consequently, Claimant resigned from his job with Employer in June, 1979. During the subsequent three months he obtained additional medical treatments which, evidently, were also paid for by Employer. Claimant, the sole witness at trial, testified he did not pay the medical bills. Rather, he turned them over to the company. Claimant also presented evidence that since the May 16, 1979 injury and his last medical treatment in September, 1979, he has continued to endure chronic pain and limited mobility, which condition is aggravated by lifting and bending. The medical report of Claimant's examining physician attributed partial permanent impairment to the whole man due to the injury to Claimant's spine.

■ Upon these factual circumstances, we find a construction of the statute interpreting as synonymous the terms "post" and "advise" to be unreasonable in view of the obvious purpose and intent of the statute: to minimize the potential of an injured employee being deprived of the opportunity to pursue his claim. If the Legislature had intended only one method of notice to employees, it could have easily used but one term. In defining statutory terms, in the absence of specified definitions, we must assume the Legislature intended for them to have the same meaning as that attributed to them in ordinary and usual parlance. *Riffe Petroleum Co. v. Great National Corp.,* 614 P.2d 576 (Okl.1980). Moreover, because the Legislature is never presumed to have done a vain thing, *Farris v. Cannon,* 649 P.2d 529 (Okl.1982), effect must be given to all language in a statute unless to do so would accomplish an absurd result; and, in construing a statute it is presumed that every provision was intended to have some useful purpose and that all provisions should be given effect. *Equitable Royalty Corp. v. State ex rel. Com'rs of Land Office,* 352 P.2d 365 (Okl.1960). In the case at hand, a contrary construction creates a situation where an employer, has

actual knowledge of all the facts and circumstances of an employee's work related injury, yet with impunity, may passively deprive that employee of the opportunity to pursue a claim. Therefore, effect must be given to the mandate of paragraph three of Section 8. We hold that in cases where it can be proven that an employer has, in fact, received actual notice of an employee's injury, paragraph three of 85 O.S. 1981, § 8 requires that the employer *advise* the injured employee of his right to file a claim under the Workers' Compensation Act. Non-compliance with this directive expressly tolls the statute of limitations until such claim is filed. Conversely, when an injured employee has been so advised, prejudice may not thereafter be predicated upon his employer's failure to post notice. In that instance advisement excuses the failure to post as the purpose of posting has been fulfilled. Consequently, upon proof of advisement in fact, failure to post no longer remains a viable issue under 85 O.S. 1981, § 8. We therefore vacate the opinion of the Court of Appeals wherein employer's failure to post was deemed dispositive, although the unrefuted evidence conclusively established that employer did, in fact, receive notification of Claimant's injury, but failed to inform Claimant of his right to file a claim.

The opinion of the Court of Appeals is vacated and the order of the Workers' Compensation Court, *en banc,* is affirmed.

BARNES, C.J., SIMMS, V.C.J., and HODGES, DOOLIN, JJ., concur.

LAVENDER, HARGRAVE and KAUGER, JJ., concur in result.

OPALA, J., concurs in judgment.

OPALA, Justice, concurring in judgment.

The court holds that "in cases where it can be proven that an employer has ... received actual notice of an employee's injury, paragraph three of 85 O.S. 1981 § 8 requires that the employer *advise* the injured employee of his right to file a claim under the Workers' Compensation Act.".

[emphasis original] Because I would ascribe a different and more restrictive meaning to the language of paragraph three in § 8,[1] I cannot join in the court's pronouncement although I do concur in its judgment.

Section 8 came to the body of our statutory law with the comprehensive revisions of 1977 which became effective July 1, 1978.[2] Its first paragraph commands "[e]very [covered] employer" to post a notice "in one or more conspicuous places ... [of] the *rights* and *obligations of employees* under the ... Act". [emphasis original] It also requires the trial tribunal's administrator to *prepare* the text of the notice and to supply copies thereof at no cost.

The third paragraph, whose meaning is here in contention, provides that "the statute of limitations" for filing a claim shall be tolled until the claim is filed, if the employer having notice of an injury "neglects to advise the injured employee of the right to file a claim ..."

The text of the notice the statute requires to be posted, prepared by the trial tribunal for dissemination after the effective date of the 1977 amendments, contains the following language:

"Claims for accidental injury *not filed* with the [Workers' Compensation] Court *within one year from the date of injury are forever barred.* Claims for occupational disease not filed with the Court within eighteen (18) months of either the last hazardous exposure or the date the disease first becomes manifest, which-

ever last occurs, are forever barred." [3] [emphasis mine]

The notice required to be posted was intended by the legislature to advise every covered employee of the statutory time limit for bringing a claim. The text of the notice form prepared by the trial tribunal is in strict conformity to the statute's unmistakable command.[4]

There is no proof in the record of the case before us that the employer did post the statutory notice at the jobsite. Because the employer (a) was not in compliance with the posting provisions of paragraph one in § 8, and (b) failed to show that, on receiving knowledge of claimant's injury, the employer advised claimant "of the right to file a claim under the Workers' Compensation Act", the statute of limitations stood arrested by the terms of paragraph three in § 8.

I would therefore vacate the opinion of the Court of Appeals and substitute for it a pronouncement holding that an employer who fails to post the statutory § 8 notice cannot invoke the one-year time bar [5] without first showing by competent evidence to the satisfaction of the trial tribunal that, upon receiving knowledge of the claimant's injury, he advised claimant of "the right to file a claim" and that this advice had been given more than one year before the claim was filed.

LAVENDER and HARGRAVE, JJ., join with me in these views.

---

1. The first three paragraphs of 85 O.S. 1981 § 8 provide:

   "Every employer subject to the provisions of the Workers' Compensation Act *shall post and maintain in one or more conspicuous places a notice* to its employees *covering the rights and obligations of employees under the Workers' Compensation Act.* Such notice shall be prepared by the Administrator and shall be supplied to employers at no cost.
   A supply of forms as provided by the office of the Administrator shall be made available to employees by employers subject to the Workers' Compensation Act at no cost to either the employer or employee.
   In the event an employer having notice of an injury neglects to advise the injured employee *of the right to file a claim* under the Workers'

Compensation Act, the statute of limitations shall be tolled until such claim is filed. * * " [emphasis mine].

2. Okla.Sess.Laws 1977, c. 234, § 1 et seq.

3. Form No. 1A, page 84, Handbook of the Workers' Compensation Court, eff. August 15, 1978.

4. An employer who has posted the § 8 notice is under *no* duty to advise an injured employee of his right to file a claim. The text of the *posted notice* contains all the information to which an injured employee is entitled under the provisions of § 8.

5. 85 O.S. 1981 § 43.