Dear Representatives Lewis,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
 1. In view of the provisions of title 74, Oklahoma Statutes 74 O.S. 841.7, would a department head of a university in the Oklahoma State System of Higher Education be subject to the "Whistle Blowers Act" or be included in the definition of a supervisor, or in any other way be included in the Act for possible forfeiture of his position and ineligibility of reappointment or appointment to employment within the state for a period of 5 years following his dismissal, for any of the attempts at disciplinary actions or warnings of possible dismissal which are prohibited under the Act?
 2. Would a graduate assistant employed by the respective school under the supervision of such department head be an employee for the purposes of the protections provided by the act?
 INTRODUCTION
¶ 1 The "Whistle Blowers Act" you refer to was first enacted as part of the Oklahoma Personnel Act in 1982 (Laws 1982, c. 338,28). Presently codified at 74 O.S. 841.7 (1987), the provision requires that no supervisor or appointing authority of a state agency prohibit employees of the agency from discussing the operation of the agency with others, and also prohibits certain disciplinary action against state employees, the section providing:
 No supervisor or appointing authority of any state agency shall prohibit employees of such agency, whether subject to the provisions of the Merit System or in the unclassified service, from discussing the operations of the agency, either specifically or generally with others.
 The Oklahoma Merit Protection Commission shall promulgate rules and regulations providing for all state agencies and state employees to be informed of their rights of expression and communication. Said rules and regulations shall provide for the prominent posting of a statement of employee rights under this section in all offices of all state agencies and shall also provide for the direct distribution of a statement of rights of employees pursuant to this section to each employee of the State of Oklahoma.
 Disciplinary actions, including, but not limited to, any direct or indirect form of discipline, any dismissal, demotion, transfer, reassignment, suspension, reprimand, admonishment, warning of possible dismissal, reduction in force, reduction in rank, reduction in status, or withholding of work, shall not be taken against any employee for providing or offering to provide information or for communicating to others any substantiated claim of wrongdoing by or within a state agency.
 Any employee or any former employee aggrieved pursuant to this section may file a written request within thirty (30) days of the alleged disciplinary action for a hearing by the Oklahoma Merit Protection Commission. The Commission shall set such matters down for hearing within thirty (30) days after the filing of a request for review.
 Any supervisor or appointing authority of any state agency, whether subject to the provisions of the Merit System of Personnel Administration or in unclassified service, violating the provisions of this section shall forfeit his position and be ineligible for appointment to or employment in a position in state service for a period of five (5) years. The decision of the Commission in such cases may be appealed by any party pursuant to the Administrative Procedures Act, 75 O.S. 301 through 75 O.S. 326 of the Oklahoma Statutes.
(Emphasis added).
¶ 2 In addressing your inquiries we will consider three primary questions:
 1. Whether a University in the Oklahoma State System of Higher Education is an "agency" covered by the "whistle blower" provisions of the Oklahoma Personnel Act;
 2. Whether a department head at a university in the State System of Higher Education is a "supervisor" subject to the "whistle blower" provisions of the Oklahoma Personnel Act; and
 3. Whether a graduate assistant employed at such a university working under the supervision of a department head is entitled to protection under the "whistle blower" provisions of the State Personnel Act.
 I. A UNIVERSITY IN THE OKLAHOMA STATE SYSTEM OF HIGHER EDUCATION AS AGENCY SUBJECT TO THE "WHISTLE BLOWER" PROVISIONS OF THE OKLAHOMA PERSONNEL ACT.
¶ 3 All institutions of higher education in Oklahoma supported wholly or in part by direct legislative appropriations are constitutionally included within the "Oklahoma State System of Higher Education" (generally governed by the Oklahoma State Regents for Higher Education) and are part of the executive branch of government. Okla. Const. Article XIII-A, Section 1 and Article XIII-A, Section 2.
¶ 4 The language of the "whistle blower" provisions of the Oklahoma Personnel Act, makes it clear that it was the Legislature's intent to include "all state agencies" within the act's coverage, the act using phrases such as "any state agency," "all state agencies" and "all officers of all agencies." In expressing such intent, the Legislature made no exception for institutions of higher education, as the act, at 74 O.S.840.3(1) (1987), defines "agency" to mean "any office, department, board, commission or institution of the stategovernment." We thus conclude that a university in the State Higher Education System, as an institution of state government, is an agency subject to the "whistle blower" provisions of the State Personnel Act.[1]
 II. A UNIVERSITY DEPARTMENT HEAD AS SUPERVISOR SUBJECT TO THE "WHISTLE BLOWER" PROVISIONS OF THE STATE PERSONNEL ACT
¶ 5 As can be seen from reading the language of the above-quoted provision, the statutory prohibitions, and the attendant penalty provisions providing for forfeiture of position and ineligibility for state employment for five years, apply to "supervisors" and "appointing authorities." Whether a particular individual, in a specific instance, is a "supervisor" or an "appointing authority," is, of course, a question of fact which must be determined on a case-by-case basis. In most circumstances it can, however, be said that a university department head will not usually fall within the definition of "appointing authority." That term is defined at 74 O.S. 840.3(3) (1987), as "the chief administrative officer of a state agency." Thus, unless the university department head were also the chief administrative officer of a state agency he or she would not be an "appointing authority," as that term is used in the Oklahoma Personnel Act, including the "whistle blower" provisions of that act.
¶ 6 In determining whether a head of a department at an Oklahoma university would be a "supervisor," as that term is used in 74 O.S. 841.7 (1987), we will assume, as you do in your question, that the university department head supervises graduate assistants in that department. The term "supervisor" is not defined in the Oklahoma Personnel Act. Accordingly, the word "supervisor" is to be understood in its ordinary sense as used in ordinary and usual parlance. E.g., Loffland Bros. Equipment v.White, 689 P.2d 311, 314 (Okla. 1984); and Riffe Petroleum Co.v. Great Nat. Corp., Inc., 614 P.2d 576, 579 (Okla. 1980). According to Webster's Third New International Dictionary (3d ed. 1981), the word "supervisor" is defined as "one who supervises a person, group, department, organization, or operation."
¶ 7 The American Heritage Dictionary of the English Language,
p. 1292 (1978), defines the word "supervisor" as "a person who supervises," and also defines the term as "a person in charge of the course of study and the teachers in a particular department in some school systems."
¶ 8 Under these ordinary and common definitions of "supervisor," a university department head who supervises other employees would be considered a "supervisor." Accordingly a university department head, at an institution in the State System of Higher Education, who supervises other employees would be subject to the prohibitions and penalties provided for in the "whistle blower" provisions of the Oklahoma Personnel Act, provided for at 74 O.S. 841.7 (1987).
 III. GRADUATE ASSISTANT AS EMPLOYEE SUBJECT TO THE PROTECTION OF THE "WHISTLE BLOWER" PROVISIONS OF THE OKLAHOMA PERSONNEL ACT
¶ 9 As in the case of a department head, whether a particular graduate assistant is, in fact, an "employee" entitled to the protection of the "whistle blower" provisions of the Oklahoma Personnel Act, is a factual question, which must be made on a case-by-case basis. Depending upon the facts present, a graduate assistant may be found to be only a student, an independent contractor or employee. As the Oklahoma Supreme Court noted inMiller Construction Company v. Wenthold, 458 P.2d 637, 639
(Okla. 1969), the line of demarcation between an independent contractor and an employee or servant is not a clear one, and the nature of the relationship must be determined from the facts of each particular case.
¶ 10 While we cannot determine whether a particular "graduate assistant" is an "employee," we can say that all graduate assistants, who in fact are employees of an institution in the State System of Higher Educa tion are entitled to the protection of the "whistle blower" provisions of the State Personnel Act.
¶ 11 The Oklahoma Personnel Act defines "state employee" at 74O.S. 840.3(2) (1987) to mean:
 [A]n elected or appointed officer or employee of the executive, judicial or legislative branch of government except members of the House of Representatives and the Senate.
(Emphasis added).
¶ 12 The language of the "whistle blower" provisions, through use of phrases such as "all state agencies and state employees" makes it clear that the provision's protection was meant to be afforded to all state employees. Since the term "state employee" encompasses an employee of any of the three branches of government, and the institutions in the State Higher Education System are part of the executive branch, all employees of such institutions are protected by the "whistle blower" provisions of the State Personnel Act.
¶ 13 It is, therefore, the official opinion of the AttorneyGeneral that:
 1. The "whistle blower" provisions of the Oklahoma Personnel Act, 74 O.S. 841.7 (1987), are applicable to institutions within the Oklahoma State System of Higher Education.
 2. The head of a department of an institution of higher education within the Oklahoma State System of Higher Education, who actually supervises employees, is a "supervisor" as that term is used in the "whistle blower" provisions of the Oklahoma Personnel Act, 74 O.S. 841.7 (1987), and is therefore subject to the prohibitions and penalties provided for in that section. Of course, whether a department head actually supervises employees is a question of fact which must be determined on a case-by-case basis.
 3. A graduate assistant who is employed by a department of an institution of higher education within the Oklahoma State System of Higher Education is a "state employee" as that term is used in the "whistle blower" provisions of the Oklahoma Personnel Act, 74 O.S. 841.7 (1987), and is accordingly entitled to the protection provided in that section. Of course, whether a particular graduate assistant is an employee of such institution is a question of fact which must be determined on a case-by-case basis.
 ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
 NEAL LEADER ASSISTANT ATTORNEY GENERAL CHIEF, CIVIL DIVISION
[1] In so concluding, we note that even though the Oklahoma State Regents for Higher Education are constitutionally empowered, they are, nevertheless, subject to legislative control when such control does not take away the internal decision-making authority of the Board. See Board of Regents of the Universityof Oklahoma v. Baker, 638 P.2d 464 (Okla. 1981); and A.G. Opin. No. 87-7. Thus, save in extraordinary circumstances, in which application of the "whistle blower" provisions deprive the Regents of internal decisions-making authority, the Regents and their institutions are subject to the "whistle blower" provisions of the State Personnel Act.