Dear Chief Justice Hodges,
¶ 0 The Attorney General has received your letter requesting an official opinion addressing, in effect, the following question:
Under the provisions of 20 O.S. 1991, § 121.2, when anincumbent Associate District Judge is re-elected for a termcommencing in January 1995, is his or her salary to be determinedon the basis of the county population established by the1980 Federal Decennial Census, when a lower salary would result if theJudge's salary were to be determined on the basis of the1990 Federal Decennial Census?
¶ 1 As you know, the salary of Associate District Judge is determined by the population of the county electing the judge. Under the provisions of Senate Bill No. 904, § 13 of the Second Regular Session of the Forty-Fourth Legislature, 1994 Okla. Session Laws, ch. 264, the annual compensation for Associate District Judges, beginning January 1, 1995, is established as follows:
 TITLE ANNUAL SALARY
Associate District Judges County Population: over 30,000 $70,000.00 County Population: 10,000-30,000 $62,500.00 County Population: under 10,000 $58,000.00
¶ 2 Although this new provision of law revises the salary schedule for Associate District Judges the salary schedule is still based upon county population. The new statute, however, does not specify how the population of the county electing the judge is to be determined. Rather, existing law specifies how county population will be determined for the purpose of establishing the salaries of Associate District Judges. That existing law, set forth at 20 O.S. 1991, § 121.2[20-121.2], provides:
 A. For purposes of determining the salaries of Associate District Judges, the Federal Decennial Census shall be used to determine the population of the county.
 B. Provided, however, in those counties in which the population, according to the 1990 Federal Decennial Census, has fallen below the population threshold for salary determination, the salary of a sitting Associate District Judge shall not be lowered below the salary for the population threshold for salary determination based upon the population according to the 1980 Federal Decennial Census.
(Emphasis added.)
¶ 3 Under this provision, salaries of Associate District Judges are generally to be determined by looking to the population of the county from which they were elected, by using the 1990 Federal Decennial Census. The statute, however, provides one exception to this methodology. Under the provisions of § 121.2(B), a "sitting" Associate District Judge's salary shall be based upon the population as established by the 1980 Federal Decennial Census, rather than the 1990 Federal Decennial Census, if the use of the 1990 Census would result in "a sitting Associate District Judge" receiving a lesser salary.
¶ 4 The question presented by your inquiry concerns incumbent Associate District Judges whose salaries would be lowered if the 1990 Census were used to determine their salary. Specifically, you ask whether the proviso which requires that salaries not be lowered applies to incumbent Associate District Judges who are re-elected. Put another way, the question presented by your inquiry is whether an incumbent Associate District Judge who is re-elected to serve another term, is a "sitting Associate District Judge," as that term is used in 20 O.S. § 121.2[20-121.2](B).20 O.S. § 121.2[20-121.2](B).
¶ 5 The term "a sitting Associate District Judge" is not defined in Section 121.2 or elsewhere. As the Supreme Court of Oklahoma has held many times, in defining statutory terms, in the absence of a specific definition, the Court "must assume the Legislature intended for them to have the same meaning as that attributed to them in ordinary and usual parlance." E.g.,Loffland Bros. Equipment v. White, 689 P.2d 311, 314 (Okla. 1984), and Riffe Petroleum Co. v. Great National Corp.,614 P.2d 576, 579 (Okla. 1980). The ordinary meaning of the word "sitting," as used in § 121.2(B), is "occupying a judicial or legislative seat: being in office." WEBTER'S THIRD NEW INTERNATIONAL DICTIONARY, Springfield, Mass. 1981, p. 2129.
¶ 6 Associate District Judges, like District Judges, are elected to four-year terms. Okla. Const., art. VII, §§ 8(f) and9. Such elections are conducted under the election laws of the State of Oklahoma, 26 O.S. 1991, § 5-102[26-5-102], and accordingly, the regular term of Associate District Judges elected to a full term commences on the "second Monday of January next succeeding their election." 51 O.S. 1991, § 1[51-1]. Thus, incumbent Associate District Judges who are elected to succeed themselves end their present term of office by beginning their next term. Accordingly, no vacancy in office ever exists. See, 51 O.S. 1991, § 8[51-8], which defines vacancy in office. As such, Associate District Judges elected to succeed themselves continue to occupy their judicial seats without vacancy; that is, they never stop "occupying" their "judicial seats," and thus, continue "sitting" in office without interruption. They remain "sitting Associate District Judges."
¶ 7 Being "sitting Associate District Judges," such re-elected incumbents come within the class eligible to have their salaries determined by 20 O.S. 1991, § 121.2[20-121.2](B). They are thus eligible to have their salaries set on the basis of the 1980 Census, when use of the 1990 Census would result in the lowering of their salaries.
¶ 8 It is therefore the official opinion of the AttorneyGeneral that under the provisions of 20 O.S. 1991, § 121.2[20-121.2](B),the salaries of incumbent Associate District Judges who areelected to succeed themselves are to be established on the basisof 1980 Census figures, rather than 1990 Census figures, when useof the 1990 Census figures would result in the lowering of theirsalaries.
SUSAN BRIMER LOVING Attorney General of Oklahoma
NEAL LEADER Senion Assistant Attorney General