Dear Director Nelson,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Attorney General Opinion 99-32 stated that "there is no such thing as a `retired reserve peace officer' for purposes of 21 O.S. Supp. 1998, § 1289.8." Does the passage of H.B. 1747 (2005 Okla. Sess. Laws ch. 169, § 2(A)) (amending 21 O.S. Supp. 2004, § 1289.8(A)) that refers to a "peace officer classified as a reserve who is retired," create a presumption that the Legislature intended to change or alter the law to create a "retired reserve peace officer" status for the purpose of authorizing the Council on Law Enforcement Education and Training ("CLEET") to issue identification cards permitting such persons to carry concealed weapons?
 2. If H.B. 1747 is construed to evince a legislative intent to create a "retired reserve peace officer" status, should CLEET promulgate rules that clearly define what constitutes the status of being "retired" for reserve peace officers, since reserve peace officers are ineligible to participate in any of Oklahoma's statutorily created retirement systems? Alternatively, should CLEET promulgate rules using language similar to that provided in Section 1289.8(C)(1) of Title 21, which refers to full time peace officers who do not participate in a retirement system, requiring only a statement from the appropriate law enforcement agency verifying the status of the applicant as a retired peace officer of that jurisdiction?
 I.
¶ 1 Title 21, Section 1289.8 of the Oklahoma Statutes is a portion of the Oklahoma Firearms Act that authorizes CLEET to issue identification cards to eligible retired federal, state, county or municipal peace officers permitting them to carry concealed weapons. Section 1289.8 provides in pertinent part:
 A. Any fire marshal inspector who is retired, state, county, or municipal peace officer of this state who is retired, or any state, county, or municipal peace officer classified as a reserve who is retired, or any federal law enforcement officer who is retired may retain their status as a peace officer, retired, in the State of Oklahoma, and as such may carry a concealed pistol pursuant to the provisions of subsection B of this section. . . .
 B. The Council on Law Enforcement Education and Training (CLEET) shall issue an identification card to eligible retired federal, state, county and municipal peace officers which authorizes the retired peace officer to carry a concealed pistol in this state. . . .
 C. The retired peace officer shall be required to submit the following information to the Council on Law Enforcement Education and Training (CLEET) and any other information requested by CLEET:
 1. A statement from the appropriate retirement system verifying the status of the person as a retired peace officer of the jurisdiction or, if the retired peace officer does not participate in a retirement system, a statement from the appropriate law enforcement agency verifying the status of the person as a retired peace officer of that jurisdiction, and the reason why the retired peace officer does not participate in a retirement system;
 2. A notarized statement, signed by the retired peace officer, stating that the officer:
 a. has not been convicted of and is currently not subject to any pending criminal prosecution for any felony offense, any drug-related offense, aggravated assault and battery, or any offense involving impairment by drugs or alcohol,
. . . .
 E. The Council on Law Enforcement Education and Training shall promulgate rules and procedures necessary to implement the provisions of this section.
Id. (emphasis added) (The emphasized language was added in the 2005 Okla. Sess. Laws ch. 169, § 2(A) amendment).
¶ 2 In Attorney General Opinion 99-32, we explained that the Legislature recognized the difference between a "reserve officer" and a "full-time peace officer":
 In the statute, the words "full-time" and "salaried" modify "police or peace officers," not "reserve police officers and reserve deputies." From this, one can deduce the Legislature operated under the assumption a "reserve officer" is not "full-time," nor is he necessarily salaried.
 More importantly[,] in the context of 21 O.S. Supp. 1998, § 1289.8[21-1289.8], this difference is also recognized in pension and benefits statutes. To participate in a pension plan, the officer must be "full-time." 11 O.S. Supp. 1998, §§ 50-111.1[11-50-111.1], 50-101(6). The same is true for officers who may participate in a county system, see 19 O.S. 1991, § 957[19-957], and the state system, see 74 O.S. Supp. 1998, §§ 902[74-902](14) and 1363(14). A reserve officer is not full-time; therefore he cannot participate in a pension plan for peace officers.
. . . .
 . . . If a "reserve peace officer" is a law enforcement officer who is not full-time or paid, but rather is kept back or held available for future use, he is not routinely engaged in the active service of enforcing and preserving public peace. If he is not routinely engaged in the active service of enforcing and preserving public peace, he cannot participate in a pension plan for peace officers, nor can he withdraw from such service. In other words, one is either a reserve peace officer or one is not; he cannot have a "retired" status as a reserve peace officer. Therefore, in answer to your question, there is no such thing as a "retired reserve peace officer" for purposes of 21 O.S. Supp. 1998, § 1289.8[21-1289.8].
Id. at 152-53. Our primary goal in construing the amendment at issue "is to ascertain and follow the intention of the Legislature." TRW/Reda Pump v. Brewington, 829 P.2d 15, 20
(Okla. 1992). An "[a]mendment to a statute [u]sually indicates an intention to change its meaning, based upon the theory that the Legislature is not presumed to do a useless Act." In re Turner,544 P.2d 1261, 1262 (Okla. 1976) (citations omitted). In Attorney General Opinion 99-32, we construed 21 O.S. Supp. 1998,§ 1289.8[21-1289.8] to exclude reserve peace officers from the classes of retired peace officers eligible to obtain identification cards authorizing the retired officers to carry concealed weapons.Id. at 153.
¶ 3 The Legislature has now amended the statute specifically to include any peace officer "classified as reserve [and] who is retired" among those that are eligible to carry concealed weapons. 2005 Okla. Sess. Laws ch. 169, § 2(A) (H.B. 1747) (amending 21 O.S. Supp. 2004, § 1289.8[21-1289.8](A)). H.B. 1747 must be construed such that it is given effect and has some useful purpose. See Loffland Bros. Equip. v. White, 689 P.2d 311,314 (Okla. 1984).
¶ 4 If we construe the amendment either to refer to individuals who could qualify to obtain the concealed weapon identification because they are otherwise eligible to participate in one of the statutorily defined retirement systems, notwithstanding their classification as reserve peace officers, or to refer to a class of individuals who do not exist, as we opined in A.G. Opin. 99-32, we would have to conclude that the Legislature promulgated the amendment in service of either a vain or absurd result, which we cannot do. See Loffland Bros. Equip., 689 P.2d at 314;Ledbetter v. Alcoholic Beverage Laws Enforcement Comm'n,764 P.2d 172, 179 (Okla. 1988).
¶ 5 Accordingly, the plain language of the amendment indicates that the Legislature intended to create a "retired reserve peace officer" status for the purpose of authorizing CLEET to issue identification cards permitting such persons to carry concealed weapons.
 II.
¶ 6 The analysis in A.G. Opin. 99-32 is also pertinent to your second question. We pointed out that the Oklahoma statutes do not define the term "retired," and that "it is possible to have a peace officer who has resigned from active duty as a peace officer but has not retired in the sense contemplated in the statutes, because the officer did not serve for the time necessary to vest in the pension system." Id. at 151-52. Accordingly, we concluded that the liberal use of the term "retired" and the language in Section 1289.8(C)(1) referring to a statement "from the appropriate retirement system verifying the status of the person" or "from the appropriate law enforcement agency [stating the] reason why the retired peace officer does not participate in a retirement system" (id.) indicated that a "retired officer need not `participate' in the retirement system in the sense that he is actively making contributions or receiving benefits, but he must be otherwise vested and `eligible' to do so." A.G. Opin. 99-32, at 154. A.G. Opin. 99-32 suggested that eligibility for participation in a retirement system provided a definitive and objective standard (rather than an officer's unilateral decision to "withdraw" or "resign" from active duty as a peace officer, irrespective of his eligibility for any retirement benefits) for determining whether a peace officer is "retired" and, thus, may qualify to receive a concealed weapon identification card on this basis. Id. at 151-52.
¶ 7 The Legislature supplied no objective criteria for CLEET to apply in determining whether a reserve peace officer is "retired" and, as we explained in A.G. Opin. 99-32, because reserve officers are not full-time they are not eligible to participate in any of the statutorily defined retirement systems. However, the Legislature commanded CLEET to "promulgate rules and procedures necessary to implement the provisions of this section." 21 O.S. Supp. 2005, § 1289.8[21-1289.8](E). Additionally, the Oklahoma Supreme Court has held that the Legislature "`may delegate power to determine some fact or state of things upon which the law makes its own operation depend . . . and may declare its law shall be operative or applicable only upon the subsequent establishment of some fact.'" Harris v. State ex rel.Okla. Planning Res. Bd., 251 P.2d 799, 803 (Okla. 1952) (citations omitted). The Legislature also stated that applicants could be required to submit "any other information requested by CLEET" to enable CLEET to approve or deny any application for the concealed weapon identification card. 21 O.S. Supp. 2005, §1289.8[21-1289.8](C). Accordingly, CLEET is empowered to promulgate rules to define what constitutes the status of being "retired" for a reserve peace officer. Id. § 1289.8(E); see A.G. Opin. 99-32, at 156.
¶ 8 If CLEET chooses to rely on a statement from the appropriate law enforcement agency verifying the status of the person as a retired reserve peace officer of that jurisdiction, it would still be obligated to establish some uniform, published standards for reviewing these statements to determine if each contains a sufficient statement of facts establishing that a reserve peace officer is retired, under whatever definition it adopts. "`Without sufficiently definite regulations and standards[,] administrative control lacks the essential quality of fairly predictable decisions. Persons subject to regulation are entitled to something more than a general declaration of statutory purpose to guide their conduct. . . .'" Adams v.Prof'l Practices Comm'n, 524 P.2d 932, 934 (Okla. 1974) (quoting Boller Beverages, Inc. v. Davis, 183 A.2d 64, 71 (N.J. 1962)).
¶ 9 It is, therefore, the Official Opinion of the AttorneyGeneral that:
 1. The plain language of 2005 Okla. Sess. Laws ch. 169, § 2(A) ("H.B. 1747") (amending 21 O.S. Supp. 2004, § 1289.8(A)) indicates that the Legislature intended to create a "retired reserve peace officer" status for the purpose of authorizing the Council on Law Enforcement Education and Training ("CLEET") to issue identification cards permitting such persons to carry concealed weapons.
 2. CLEET is empowered to promulgate rules to define what constitutes the status of being "retired" for a reserve peace officer. 21 O.S. Supp. 2005, § 1289.8(E); see A.G. Opin. 99-32, at 156. If CLEET chooses to rely on a statement from the appropriate law enforcement agency verifying the status of the person as a retired reserve peace officer of that jurisdiction, it is still obligated to establish some uniform, published standards for reviewing these statements to determine if each contains a sufficient statement of facts establishing that a reserve peace officer is retired. Adams v. Prof'l Practices Comm'n, 524 P.2d 932, 934 (Okla. 1974).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 JOANN T. STEVENSON Assistant Attorney General