Dear Director Langley:
This office has received your request for an official Attorney General Opinion in which you ask the following questions:
 1. Does the Oklahoma Highway Patrol, pursuant to 47 O.S. Supp. 2005, § 2-117[47-2-117], have legal authority to initiate and conduct its own criminal investigations?
 2. What are the legal boundaries of its investigative jurisdiction?
 I. THE POWER OF THE OKLAHOMA HIGHWAY PATROL AND THE DEPARTMENT OF PUBLIC SAFETY TO INITIATE AND CONDUCT THEIR OWNCRIMINALINVESTIGATIONS
Your questions seek clarification of the Oklahoma Highway Patrol's authority to conduct criminal investigations. The Department of Public Safety ("Department") is headed by the Commissioner of Public Safety. 47 O.S. 2001, § 2-101[47-2-101](a). The Commissioner is "vested with the power and is charged with the duty of observing, administering, and enforcing the provisions of [Title 47 of the Oklahoma Statutes] and of all laws regulating the operation of vehicles or the use of the highways." 47 O.S. Supp. 2005, § 2-108[47-2-108](A). The Department is separated into divisions, including the Division of Highway Patrol. See 47 O.S. 2001, § 2-103[47-2-103](A). The Commissioner "shall require that the Division of Highway Patrol properly patrol the highways of this state and cooperate with sheriffs and police officers in enforcing the laws regulating the operation of vehicles and the use of highways." Id. § 2-118(a).
The powers and duties of the Commissioner and Department officers, including the members of the Highway Patrol, are further defined in 47 O.S. Supp. 2005, § 2-117[47-2-117]. Subsection (A) provides:
 The Commissioner of Public Safety and each officer of the Department of Public Safety, as designated and commissioned by the Commissioner, are hereby declared to be peace officers of the State of Oklahoma and shall be so deemed and taken in all courts having jurisdiction of offenses against the laws of the state. Such officers shall have the powers and authority now and hereafter vested by law in other peace officers, including the right and power of search and seizure, except the serving or execution of civil process, and the right and power to investigate and prevent crime and to enforce the criminal laws of this state.
Id. (emphasis added). Subsection (B) of Section 2-117 sets forth twenty-two provisions detailing the "authority, responsibilities, powers and duties" of Department officers, the first being the enforcement of:
 B. 1. [T]he provisions of this title and any other law regulating the operation of vehicles or the use of the highways, including, but not limited to, the Motor Carriers Act of this state, or any other laws of this state by the direction of the Governor[.]
Id.
Subsection (B) contains specific investigatory functions to be performed by the Department. In pertinent part it provides:
 B. The officers of the Department shall have the following authority, responsibilities, powers and duties:
. . . .
 10. To investigate and report traffic collisions on all interstate and defense highways and on all highways outside of incorporated municipalities, and may investigate traffic collisions within any incorporated municipality upon request of the local law enforcement agency, and to secure testimony of witnesses or of persons involved;
 11. To investigate reported thefts of motor vehicles, trailers and semitrailers;
. . . .
 17. To investigate and report to the Corporation Commission and the Oklahoma Tax Commission violation of their rules and the laws governing the transportation of persons and property by motor transportation companies and all other motor carriers for hire;
 18. To investigate and report violations of all laws relating to the collection of excise taxes on motor vehicle fuels;
. . . .
 20. Whenever possible, to determine persons causing or responsible for the breaking, damaging, or destruction of any improved surfaced roadway, structure, sign, marker, guardrail, or any other appurtenance constructed or maintained by the Department of Transportation, and to arrest persons responsible therefor and to bring them before the proper officials for prosecution; [and]
 21. To investigate incidents involving an employee of the Department, when such incidents are related to the performance of the duties of the employee[.]
Id.
In addition to those listed above, subsection (B) also provides for a number of powers and responsibilities that could reasonably lead to an investigation. Those include the duty to:
 4. To assist in the location of stolen property, including livestock and poultry or the carcasses thereof, and to make any inspection necessary of any truck, trailer or contents thereof in connection therewith;
. . . .
 6. To require satisfactory proof of ownership of the contents of any motor vehicle, including livestock, poultry or the carcasses thereof. In the event that the proof of ownership is not satisfactory, it shall be the duty of the officer to take the motor vehicle, driver, and the contents of the motor vehicle into custody and deliver the same to the sheriff of the county wherein the cargo, motor vehicle and driver are taken into custody;
 7. When on duty, upon reasonable belief that any vehicle is being operated in violation of any provisions of this title, or any other law regulating the operation of vehicles, to require the driver thereof to stop and exhibit his or her driver license and the certificate of registration issued for the vehicle, if required to be carried in the vehicle pursuant to paragraph 3 of subsection A of Section 1113 of this title, and submit to an inspection of such vehicle, the license plates and certificate of registration thereon, if applicable, or to any inspection and test of the equipment of such vehicle;
 8. To inspect any vehicle of a type required to be registered hereunder in any public garage or repair shop or in any place where such vehicles are held for sale or wrecking, for the purpose of locating stolen vehicles and investigating the title and registration thereof;
. . . .
 12. To stop and inspect any motor vehicle or trailer for such mechanical tests as may be prescribed by the Commissioner to determine the roadworthiness of the vehicle. Any vehicle which may be found to be unsafe for use on the highways may be ordered removed from said highway until such alterations or repairs have been made that will render said vehicle serviceable for use on the highway;
 13. To stop and inspect the contents of all motor vehicles to ascertain whether or not the provisions of all general laws are being observed;
. . . .
 16. To enforce and prevent, on the roads of the state highway system, the violation of the laws relating to the size, weight, and speed of commercial motor vehicles and all laws designed for the protection of the highway pavements and structures on such highways; [and]
. . . .
 22. To initiate or assist in manhunts and fugitive apprehensions.
Id.
You first ask whether the Highway Patrol may conduct criminal investigations on its own authority. "The fundamental rule of statutory construction is to ascertain and give effect to the legislative intent, and that intent is first sought in the language of a statute." City of Durant v. Cicio, 50 P.3d 218,220 (Okla. 2002). "Where the language of a statute is clear and unambiguous, the language will be given its plain meaning."Humphries v. Lewis, 67 P.3d 333, 335 (Okla. 2003). However, if the language is ambiguous or if a conflict exists, the rules of statutory construction apply. In re J.L.M., 109 P.3d 336, 338
(Okla. 2005). It is a well-known rule of statutory construction that legislative action "be construed in such manner as to reconcile the different provisions and render them consistent and harmonious, and give intelligent effect to each." Eason Oil Co.v. Corp. Comm'n, 535 P.2d 283, 286 (Okla. 1975).
Pursuant to subsection (A) of Section 2-117, the Highway Patrol is granted, without limitation, "the right and power to investigate and prevent crime and to enforce the criminal laws of this state." However, under subsection (B), the Highway Patrol is given specific investigative and enforcement "authority, responsibilities, powers and duties." Thus, the two provisions are seemingly in conflict. Therefore, to answer your question, it is necessary to harmonize the provisions of subsections (A) and (B) of Section 2-117.
While it is true that the Legislature granted the Highway Patrol broad investigative and enforcement powers in subsection (A) of Section 2-117, it is also true that through subsection (B), the Legislature envisioned the Highway Patrol exercising those powers on its own authority only in certain circumstances. If the Legislature intended for the Highway Patrol to exercise unlimited investigatory authority, the provisions of subsection (B) would be unnecessary and meaningless. The Legislature is never presumed to have done a vain thing. Loffland Bros. Equip. v. White,689 P.2d 311, 314 (Okla. 1984). Therefore, the power of the Highway Patrol to conduct and initiate criminal investigations on its own authority is limited by the provisions of 47 O.S. Supp. 2005, § 2-117[47-2-117](B). This conclusion finds support in the statute's history. The Oklahoma Supreme Court has said:
 In the construction of statutes it is axiomatic that the statute as amended is to be construed as a consistent whole, in harmony with common sense and reason and that every part should be given effect; that amendments are to be construed together with the original acts to which they relate as constituting one law and also together with other statutes on the same subject as part of a coherent system of legislation.
 Antecedent legislative enactments may be considered in the construction of amendatory acts in pari materia. Words and phrases employed in the original or antecedent acts will be presumed to be used in the same sense in the amendatory enactment. The original section as amended and the unaltered sections of an Act relating to the same subject matter are to be considered together. When ascertaining legislative intent the Court must presume that when adopting the amendment, the legislature had knowledge of the law as it previously existed and had in mind the judicial construction which had been placed on that law.
Prettyman v. Halliburton Co., 841 P.2d 573, 580 (Okla. 1992) (citation omitted).
In 2005 the Legislature amended 47 O.S. 2001, § 2-117[47-2-117]. See
2005 Okla. Sess. Laws ch. 190, § 8. The phrases "including the right and power of search and seizure" and "the right and power to investigate and prevent crime and to enforce the criminal laws of this state" were inserted into the last sentence in subsection (A) Id. Subsection (B)(21), (22) were added to include the authority to investigate certain incidents involving Department employees and the authority "[t]o initiate or assist in manhunts and fugitive apprehensions." Id. Additionally at 2005 Okla. Sess. Laws ch. 190, § 20, the Legislature repealed 74 O.S. 2001, § 149[74-149], which provided:
 The officers and members of the State Highway Patrol and such other officers and investigators as the Commissioner of Public Safety shall designate to perform duties in the investigation and prevention of crime and the enforcement of the criminal laws of the state shall have and exercise all the powers and authority of other peace officers, including the right and power of search and seizure, but excluding the service of civil process.
Id.
This legislation is significant for several reasons. Had the Legislature only added the language to subsection (A), an argument could be made that it intended to expand the power of the Highway Patrol to investigate crime on its own authority. However, by simultaneously repealing 74 O.S. 2001, § 149[74-149], the Legislature indicated the changes to subsection (A) were intended to incorporate the provisions of Section 149 into Section 2-117 and not to expand the general police powers of the Highway Patrol. Further, the addition of two provisions to subsection (B) bolsters the conclusion that the Legislature intended for subsection (B) to act as a limit upon the Highway Patrol's powers under subsection (A).
 II. THE POWER OF THE HIGHWAY PATROL TO INITIATE AND CONDUCT INVESTIGATIONS ON BEHALF OF OTHER LAWENFORCEMENTAGENCIES
While 47 O.S. Supp. 2005, § 2-117[47-2-117](B) limits the ability of the Highway Patrol to initiate and conduct criminal investigations on its own authority, it may do so on behalf of other law enforcement agencies in certain circumstances. Title 21 O.S. 2001, § 99a[21-99a] in pertinent part provides:
 A. [I]n addition to any other powers vested by law, a peace officer of the State of Oklahoma as used in this section may enforce the criminal laws of this state throughout the territorial bounds of this state, under the following circumstances:
 1. In response to an emergency involving an immediate threat to human life or property;
 2. Upon the prior consent of the head of a state law enforcement agency, the sheriff or the chief of police in whose investigatory or territorial jurisdiction the exercise of the powers occurs;
 3. In response to a request for assistance pursuant to a mutual law enforcement assistance agreement with the agency of investigatory or territorial jurisdiction;
 4. In response to the request for assistance by a peace officer with investigatory or territorial jurisdiction; or
5. While the officer is transporting a prisoner.
 B. While serving as peace officers of the State of Oklahoma and rendering assistance under the circumstances enumerated above, peace officers shall have the same powers and duties as though employed by and shall be deemed to be acting within the scope of authority of the law enforcement agency in whose or under whose investigatory authority or territorial jurisdiction they are serving. Salaries, insurance, and other benefits shall not be the responsibility of a law enforcement agency that is not the employing agency for the officer.
Id.
As peace officers of the State of Oklahoma, the members of the Highway Patrol are permitted to render assistance to other law enforcement agencies, provided the requirements of this statute are met. When acting pursuant to Section 99a, the Highway Patrol is authorized to exercise the same powers and duties possessed by the requesting agency. Because the authority to act pursuant to this section is "in addition to any other powers vested by law," the Highway Patrol's ability to initiate and conduct criminal investigations, when acting under the circumstances listed in Section 99a, would not be limited by the provisions of 47 O.S. Supp. 2005, § 2-117[47-2-117](B). We note that the Highway Patrol also may enforce any "other laws of this state by the direction of the Governor." 47 O.S. Supp. 2005, § 2-117[47-2-117](B)(1).
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. The Oklahoma Highway Patrol may conduct criminal investigations on its own authority only when the investigations fall within the authority, responsibilities, powers and duties enumerated in 47 O.S. Supp. 2005, § 2-117[47-2-117](B).[1]
 2. At the request of another law enforcement agency pursuant to 21 O.S. 2001, § 99a[21-99a], which provides for certain circumstances in which a peace officer may enforce the criminal laws of the State throughout the State, and at the request of the Governor (47 O.S. Supp. 2005, § 2-117[47-2-117](B)(1)), the Oklahoma Highway Patrol may initiate and conduct criminal investigations, provided the requesting agency has the requisite investigatory and territorial jurisdiction to initiate and conduct the investigation itself.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
D. CASEY DAVIS ASSISTANT ATTORNEY GENERAL
H-93
[1] The law enforcement powers and authority of the Oklahoma Highway Patrol on the turnpikes are the subject of an upcoming Attorney General Opinion, and, therefore, are not considered here.